### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

-------------------------------------------------------x
In re:
 
VENTILEX USA INC.,
                            Debtor.
-------------------------------------------------------- x

Chapter 11

Case No. 10-16642

Judge Jeffery P. Hopkins

### MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (A) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES AND COMMISSIONS TO EMPLOYEES; (B) AUTHORIZING DEBTOR TO PAY PREPETITION BENEFITS AND CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (C) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS

Ventilex USA Inc. ("Ventilex" or "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"), by and through its undersigned proposed counsel, hereby moves the Court pursuant to sections 105(a), 363(b), 507(a)(4), (5) and (8), and 541(b)(7) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order (a) authorizing, but not directing, the Debtor (i) to pay prepetition wages, salaries and commissions to employees, and (ii) to pay prepetition benefits and continue maintenance of employee benefit programs, including workers' compensation, and (b) directing banks to honor prepetition checks for payment of employee obligations (the "Motion").  In support of this Motion, Debtor further respectfully states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.  Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory predicates for the relief requested herein are Bankruptcy Code
Sections 363(b), 507(a)(4), 541(d), and 105(a).

## BACKGROUND

4.     On September 28, 2010 (the "Petition Date"), the Debtor commenced its
reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy
Code.

5.     The Debtor is continuing in possession of its properties and is operating and
managing its business as debtor-in-possession pursuant to sections 1107 and 1108 of the
Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been
appointed in the Case.

6.     Debtor is the exclusive distributor in the United States of industrial equipment
manufactured by Ventilex B.V.  Such products include fluid bed dryers, fluid bed cookers, fluid
bed coolers, fluid bed conditioners, fluid bed roasters, fluid bed freeze dryers, fluid bed steam
pasteurizers, flash dryers, steam sterilization systems, air filtration systems, and scrubbers.
Debtor, which has been in business since 2001, is headquartered in Middletown, Ohio, where it
has been located for approximately the past two years.  Debtor serves customers located in the
United States, Canada, and Mexico.

7.     Historically, Debtor experienced annual sales averaging $4.6 million USD.  A
number of factors caused Debtor to seek bankruptcy protection.  Among other things, the current
recession and unavailability of credit has caused the equipment market to contract significantly
over the past few years, thereby significantly constricting sales and cash flow.  In addition,
during 2006, the Debtor expanded its product offerings to include equipment used in almond
pasteurization, primarily in the State of California.  Customer disputes in connection with this

offering resulted in significant alleged claims, one of which (a claim in the approximate amount of $4.9 million in favor of Paramount Farms, Inc.) has proceeded to judgment.

8.      The Debtor's prepetition senior secured creditor is its parent, Ventilex B.V. Ventilex B.V. is owed approximately $1.8 Million as of the Petition Date. The Debtor continues to use the cash collateral of Ventilex B.V. on a consensual basis.

## RELIEF REQUESTED

9.      Pursuant to this Motion, the Debtor seeks authority under Bankruptcy Code Sections 105(a), 363(b), 507(a)(4) and (5) and (8), and 541(b)(7) to pay certain prepetition obligations to and on behalf of the Debtor's hourly and salaried employees (collectively, the "Employees"). As more fully set forth below, these prepetition obligations may include, but are not limited to:  (a) amounts owed to the Employees for wages, salaries, commissions and other accrued compensation, including Payroll Obligations (as hereafter defined) and Non-Payroll Compensation (as hereafter defined); (b) all other Employee benefits including but not limited to medical, dental, prescription plan and short-term disability benefits, 401(k) plan contributions and life insurance, together with all costs and expenses incurred in connection with the servicing and processing of such claims (collectively, the "Prepetition Benefits"); (c) federal, state, and local payroll-related taxes and insurance deductions and withholdings, such as FICA, FUI, and SUI, covering various benefits and fees due to third-party payroll and benefits administrators as well as amounts due to other third parties for garnishments, domestic/child support, other employee payments and the like (collectively, the "Third-Party Obligations"); (d) reimbursements for typical expenses incurred by Employees in connection with conducting business for or on behalf of the Debtor for travel, lodging, meals, auto expenses and other reimbursable business expenses (collectively, the "Reimbursement Obligations"); (e) amounts owed for workers' compensation (the "Workers' Compensation Benefits"); and (f) payments to

Employees of certain miscellaneous benefits (the "Miscellaneous Benefits," and together with the Payroll Obligations, Prepetition Benefits, the Third-Party Obligations, the Reimbursement Obligations, and the Workers' Compensation Benefits, the "Prepetition Employee Obligations").

## ADDITIONAL FACTS RELEVANT TO THIS MOTION

10.     As of the Petition Date, the Debtor estimates that Prepetition Employee Obligations in the total amount of approximately $40,711.93 have accrued but remain unpaid, consisting of the following approximate amounts: $8,603.49 for Payroll Obligations; $0.00 for Non-Payroll Compensation[1]; $5,818.03 for Prepetition Benefits; $3,920.94 for Third-Party Obligations; $22,038.26 for Reimbursement Obligations; $331.12 for Workers' Compensation Benefits; and $0.00 for Miscellaneous Benefits.

11.     The Debtor has approximately six (6) employees, each of which is salaried. Salaried Employees normally are paid bi-weekly on Friday for two-week period ended the preceding Monday.  The Debtor last issued salaried payroll checks for the period covering September 7, 2010 through and including September 20, 2010.  The gross bi-weekly payroll for all outstanding wages, salaries, and commissions, excluding employee and employer taxes which are included in Third-Party Obligations (below), is approximately $8,603.49 as of the Petition Date (collectively, the "Payroll Obligations).

(a)     Non-Payroll Obligations

12.     The Debtor also provides its Employees with other forms of compensation which may include, vacation days, holidays, sick leave, and paid holidays (collectively, the "Non-Payroll Compensation").  There are no unpaid obligations for Non-Payroll Compensation owed

---

[1] Despite the fact that the Debtor estimates that certain categories of Prepetition Employee Obligations do not have accrued and unpaid amounts as of the Petition Date, the Debtor nevertheless includes reference to these categories and a request to pay such amounts in the event that it is later determined amounts are accrued and unpaid.

as of the Petition Date.  The Debtor seeks approval to pay Non-Payroll Compensation in the ordinary course of its business even though certain obligations may have accrued prepetition, however, are not yet due and owing.  As of the Petition Date, the Debtor anticipates that there is approximately $0.00 in accrued Non-Payroll Compensation for its Employees.

(b)    <u>Prepetition Benefits</u>

13.    Prior to the Petition Date, the Debtor offered its employees certain benefits, including, without limitation, (i) medical benefits under the Debtor's medical plan, and (ii) 401(k) plan benefits.  The Debtor estimates $5,818.03[2] in Prepetition Benefits as of the Petition Date.

14.    Employees are required to make co-payments with respect to the Prepetition Benefits and, absent the relief requested herein, they would be forced to bear the full cost of such benefits.  The Prepetition Benefits are an integral and important part of each Employee's compensation package.  Cessation of these benefits would have a negative impact on the Employees and would undermine the Debtor's operations.  Accordingly, the Debtor respectfully requests authority to pay the Prepetition Benefits, including any outstanding prepetition amounts, for the Employees and their eligible dependents in the ordinary course of the Debtor's business and when such obligations become due.

(c)    <u>Withholding/Third-Party Obligations</u>

15.    The Debtor routinely and ordinarily makes deductions from the Employees' payroll for Third-Party Obligations including, without limitation, federal, state and local tax withholdings, Employee savings programs and garnishments, among other obligations.  The Debtor requests authority to pay over to the appropriate parties all such Third-Party Obligations

---

[2] Amount includes $2,450.02 in 401K contributions and $55.93 in ADP service charges automatically (and inadvertently) debited  on September 29, 2010, pursuant to a payroll run on September 21, 2010.

in accordance with applicable law and existing company policies and practices. The Debtor requests approval to continue making such payments, including those amounts owed prepetition, in the ordinary course of its business. As of the Petition Date, the Debtor estimates approximately $3,920.94 in accrued and Third-Party Obligations.

(d)      Reimbursement Obligations

16.      In the ordinary course of business, the Debtor routinely reimburses employees for certain expenses incurred in the scope of their employment, including expenses for travel, meals, relocation, auto expenses and other miscellaneous business expenses constituting the Reimbursement Obligations of the Debtor. The Debtor estimates that unpaid Reimbursement Obligations as of the Petition Date are approximately $22,038.26.[3] This amount includes approximately $20,000 in Reimbursement Obligations owed to the Debtor's president, Michael Hadjinian, pursuant to Mr. Hadjinian's employment contract with the Debtor. Such expenses were incurred by Mr. Hadjinian in connection with his relocation to Cincinnati, Ohio, from Chicago, Illinois in September 2010.[4] The Debtor requests authority to pay the Reimbursement Obligations accrued as of the Petition Date and to make ongoing payments of Reimbursement Obligations in the ordinary course of the Debtor's business.

(e)      Workers' Compensation

17.      The Debtor maintains Workers' Compensation Benefits for its Employees. The Debtor processes these claims through established procedures under applicable state law in the ordinary course of the Debtor's business. The Debtor seeks an order permitting it, in its sole

---

[3] Amount includes approximately $20,000.00 in relocation expense reimbursement owed to the Debtor's president, Michael Hadjinian.
[4] The Debtor intends to assume Mr. Hadjinian's employment contract in any event; thus, the Reimbursement Obligations attributable to his relocation would need to be paid in full. Debtor respectfully requests the authority to pay such expenses pursuant to the authorities set forth herein now, prior to assumption of the contract, as Mr. Hadjinian has already paid the expense using his personal credit card and does not wish to incur the substantial interest expense associated with carrying a balance, should it become necessary.

discretion, to continue its current procedures with regard to processing and paying the Worker's

Compensation Benefits.    The Debtor estimates $331.12 in accrued and unpaid Workers'

Compensation as of the Petition Date.

**BASIS FOR RELIEF**

18.    The payment of the Prepetition Employee Obligations is warranted under sections

105(a), 363(b), 507(a)(4), (5) and (8), and 541(b)(7) of the Bankruptcy Code and Bankruptcy

Rule 6003 and case law in this district and elsewhere.

A.    <u>**Amounts Owed to Employees Enjoy Priority Status Under the Bankruptcy Code**</u>

19.    Under section 507(a)(4) of the Bankruptcy Code, employees are granted a priority

claim for:

> allowed unsecured claims, but only to the extent of $10,950 for each individual or
> corporation, as the case may be, earned within 180 days before the date of the filing of
> the petition or the date of the cessation of the debtor's business, whichever occurs first,
> for –
>
> (A)    wages, salaries, or commissions, including vacation, severance, and sick
> leave pay earned by an individual; or
>
> (B)    sales commissions earned by an individual or by a corporation with only 1
> employee, acting as an independent contractor in the sale of goods or services for the
> debtor in the ordinary course of the debtor's business if, and only if, during the 12 months
> preceding that date, at least 75 percent of the amount that the individual or corporation
> earned by acting as an independent contractor in the sale of goods or services was earned
> from the debtor . . . .

11 U.S.C. §507(a)(4).  Likewise, under section 507(a)(5) of the Bankruptcy Code, employees are

granted a priority claim for:

> allowed unsecured claims for contributions to an employee benefit plan –
>
> (A)    arising from services rendered within 180 days before the date of the filing
> of the petition or the date of the cessation of the debtor's business, whichever occurs first;
> but only
>
> (B)    for each such plan, to the extent of –

> (i)      the number of employees covered by each such plan multiplied by $10,950; less

> (ii)     the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. §507(a)(5).

20.     In addition, the costs of administrating employee benefits programs are also entitled to priority under section 507(a)(5) of the Bankruptcy Code.  *See In re Cardinal Indus., Inc.*, 164 B.R. 76, 78 (Bankr. S.D. Ohio 1993) ("[U]nder a self-insured plan which is administered by a third party, giving priority solely to the direct contributions from the employer accomplishes only half the desired result.   Unless the employees' claims are properly administered, processed and paid, affording priority to the contributions is meaningless."); *accord Allegheny Int'l, Inc. v. Metro. Life Ins. Co.*, 145 B.R. 820, 822-23 (W.D. Pa. 1992) (holding that the prepetition claims of a medical benefits plan administrator for fees charged for performing administrative, actuarial and claims services in connection with the medical benefits plans of a debtor were entitled to priority under former section 507(a)(4) of the Bankruptcy Code, and stating "[i]t would be useless to prioritize expenses for contributions to an employee benefit plan and not prioritize the expenses necessary to administer those plans.").

21.     In the instant case, the Debtor believes that the amount of prepetition wages, salaries, benefits, and contractual compensation owing to or on account of any particular Employee does not exceed the sum of $10,950 allowable as a priority claim under section 507(a)(4) or section 507(a)(5) of the Bankruptcy Code.  By this Motion, the Debtor does not seek authority to pay such Employees more than the $10,950 priority limit to satisfy such claims. Therefore, the payment of these amounts pursuant to this Motion would not deplete assets otherwise available to other unsecured creditors under a plan.  Likewise, because the prepetition

processing costs are entitled to priority under section 507(a)(5) of the Bankruptcy Code, amounts paid on account of such prepetition processing costs also are not available for distribution to unsecured creditors.

22.     A substantial amount of the respective Prepetition Employee Obligations is entitled to priority status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code because all Employees, with the exception of Debtor's president, are owed less than $10,950 as part of the unpaid Prepetition Employee Obligations.   Accordingly, such claims would largely be entitled to payment in full under any plan of reorganization or liquidation.

B.     **Funds Held in Trust Are Not Available for General Distribution to Creditors**

23.     Section 541(d) of the Bankruptcy Code excludes "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. §541(d).  It is well established under section 541(d) of the Bankruptcy Code that taxes collected on behalf of taxing authorities are not property of the estate.   *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *McCafferty v. McCafferty*, 96 F.3d 192, 196 (6th Cir. 1996) (citing *Begier* with approval and stating that "[s]ection 541(d) [of the Bankruptcy Code] has often been invoked as the basis for excluding from a bankruptcy estate assets held in constructive trust by a debtor in favor of another"); *City of Farrell v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 41 F.3d 92, 98-103 (3d Cir. 1994) (holding that funds withheld from employees' paychecks may be subject to a trust, and thus are not property of a debtor's estate, even where such funds are commingled with the debtor's other property).   Accordingly, such funds are not available for general distribution to a debtor's creditors.

24.      To avoid the serious disruption of the Debtor's reorganization efforts that could result from the nonpayment of any withholding taxes, the Debtor seeks authority to remit all Third-Party Obligations, including prepetition withholdings collected on behalf of the Employees, to the applicable taxing authorities to the extent that the withholdings have not already been remitted.   The Third-Party Obligations are held in trust for the benefit of the appropriate federal, state or local taxing authority for employees on behalf of whom such payment is being made.   As such, the withholdings are not property of the Debtor's estate within the meaning of section 541 of the Bankruptcy Code.   Because the Third-Party Obligations are held in trust on behalf of others and thus do not constitute property of the Debtor's estate, the remittance of the Third-Party Obligations will not adversely affect the Debtor's estate or its creditors and is warranted.

25.      Further, many federal, state, and local taxing authorities impose personal liability on the officers and directors of entities responsible for collecting taxes from employees to the extent any such taxes are collected but not remitted.   Accordingly, if these amounts remain unpaid, there is a risk that the Debtor's officers and directors may be subject to lawsuits on account of any such nonpayment during the pendency of the Case.   Such lawsuits obviously would constitute a significant distraction for officers and directors at a time when they should be focused on the Debtor's efforts to stabilize its postpetition business operations and maximize the value of its assets.

26.      In addition, the Debtor submits that with respect to that portion of the Prepetition Employee Obligations that constitutes "trust fund" taxes, the payment of such taxes will not prejudice other creditors of the Debtor or its estate, given that the relevant taxing authorities

would hold a priority claim under Section 507(a)(8) of the Bankruptcy Code in respect of such obligations.

C.     **Sections 105(a) and 363(b) Provide Further Support for the Requested Relief**

27.     Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]"  11 U.S.C. §105(a).  The purpose of section 105 is to permit a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction."  2 *Collier on Bankruptcy*, ¶105.01, at 105-2 (15th ed. rev. 2001).  Payment of further amounts comprising the Prepetition Employee Obligations is necessary and appropriate and is authorized under section 105(a) of the Bankruptcy Code pursuant to the "necessity of payment" doctrine, which recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor.  *See, e.g., In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

28.     If the Prepetition Employee Obligations are not satisfied, the Employees, as well as their families, will suffer undue hardship.  The Employees rely on the payment of the Prepetition Employee Obligations and any interruption of their payment will likely cause severe disruption of the Employees' personal budgets.  Payment of the Prepetition Employee Obligations is necessary to enable the Employees to meet their financial obligations and maintain their health and well-being.  It is likely that if the requested relief is not granted, many of the Debtor's Employees may be forced to seek alternative employment.  An exodus of the Debtor's workforce will severely disrupt the continued operation of the Debtor's business operations.  The Debtor's ability to maintain its trained work force and thereby preserve its businesses and assets,

as well as the ability to maximize value through the chapter 11 Case will be adversely affected if they are unable to retain its experienced and dedicated Employees.

29.     Additionally, authority to pay the Prepetition Employee Obligations can also be found in section 363(b)(1). *See In re Kmart Corp.*, 359 F.3d 866, 872-73 (7th Cir. 2004); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-176 (Bankr. S.D.N.Y. 1989). Several courts have relied on the *Kmart* decision to explicitly authorize debtors to honor prepetition obligations pursuant to section 363(b)(1), including honoring prepetition obligations to employees. *See, e.g., In re FV Steel & Wire Co.*, Case No. 04-22421, *et seq.* (Bankr. E.D. Wis. 2004) (accrued employee wages and benefits permitted to be paid pursuant to section 363(b)(1)); *In re Jay's Foods, LLC*, Case No. 04 B 8681 (Bankr. N.D. Ill 2004) (payment of accrued employee wages and benefits as well as accrued obligations to customers permitted pursuant to section 363(b)(1)).

30.     The strength of the Debtor's workforce is essential to the Debtor's ability to continue to operate its business and successfully reorganize. To maintain its workforce and skilled employee base, it is essential that the Employees be paid without interruption and that the Debtor continues to honor its existing practices, policies and benefit programs that affect its Employees in the ordinary course of business.

### REQUEST FOR AUTHORITY FOR BANKS TO HONOR AND PAY CHECKS ISSUED AND MAKE OTHER TRANSFERS TO PAY THE PREPETITION EMPLOYEE OBLIGATIONS

31.     The Debtor further requests that the Court authorize and direct the banks and other financial institutions where the Debtor maintains its payroll or disbursement accounts to honor and pay all prepetition and postpetition checks issued or to be issued, and fund transfers requested or to be requested, by the Debtor concerning the Prepetition Employee Obligations that were not honored or paid as of the Petition Date. The Debtor also seeks authority to issue new postpetition checks, or effect new fund transfers, on account of the Prepetition Employee

Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

32.      As a result of the commencement of the Case, and in the absence of an order of the Court providing otherwise, the Debtor's checks, wire transfers and direct deposit transfers in respect of the Prepetition Employee Obligations may be dishonored or rejected by the disbursement banks.  The Debtor represents that each of these checks or transfers is or will be drawn on the Debtor's payroll and general disbursement accounts and can be readily identified as relating directly to payment of the Prepetition Employee Obligations.  Accordingly, the Debtor believes that prepetition checks and transfers other than those for Prepetition Employee Obligations will not be honored inadvertently.

## NO ASSUMPTION OR ADOPTION UNDER SECTION 365

33.      Authorization to pay all amounts on account of the Prepetition Employee Obligations shall not be deemed to constitute postpetition assumption or adoption of any contract, program or policy pursuant to section 365 of the Bankruptcy Code.  The Debtor is in the process of reviewing these matters and reserve all of its rights under the Bankruptcy Code with respect thereto.  Moreover, authorization to pay all amounts on account of the Prepetition Employee Obligations shall not affect the Debtor's right to contest the amount or validity of any of the Prepetition Employee Obligations, including without limitation payroll taxes that may be due to any taxing authority.

## MEMORANDUM OF LAW

34.      Pursuant to Local Bankruptcy Rule for the Southern District of Ohio 9013-1(a), because there are no novel questions of law presented herein and because appropriate authorities are cited in this Motion, the Debtor respectfully requests that the Court waive the requirement that the Debtor file a memorandum of law in support of this Motion.

## NOTICE

35.     Notice of the Motion has been given to (a) the Office of the United States Trustee; (b) Ventilex B.V., the secured creditor; (c) the Debtor's top 20 general unsecured creditors, and (d) all parties that have filed a request for notice or notice of appearance as of the date of this Motion.  Debtor submits that, under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

36.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Case.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 1, 2010                          Respectfully submitted by:

/s/ Rocco I. Debitetto
Lee D. Powar (0033679)
Rocco I. Debitetto (0073878)
Emily W. Ladky (0085527)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 621-0150
Facsimile:    (216) 241-2824
E-Mail:       ldpowar@hahnlaw.com
              ridebitetto@hahnlaw.com
              eladky@hahnlaw.com

*Proposed Counsel for Debtor and
Debtor-in-Possession*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

---------------------------------------------------------   Chapter 11
                                                         x
In re:                                                   :   Case No. 10-16642
                                                         :
VENTILEX USA, INC.,                                      :   Judge Jeffery P. Hopkins
                                                         :
                             Debtor.                     :
-------------------------------------------------------- x

**ORDER GRANTING MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR
ORDER (A) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES
AND COMMISSIONS TO EMPLOYEES; (B) AUTHORIZING DEBTOR TO PAY
PREPETITION BENEFITS AND CONTINUE EMPLOYEE BENEFIT PROGRAMS;
AND (C) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT
OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon consideration of the *Motion of Debtor for Order (A) Authorizing Debtor to Pay*

*Prepetition Wages, Salaries and Commissions to Employees, (B) Authorizing Debtor to Pay*

*Prepetition Benefits and Continue Employee Benefit Programs, and (C) Directing Banks to*

*Honor Prepetition Checks for Payment of Prepetition Employee Obligations* dated October 1,

2010 [Docket No. __] (the "Motion") filed by the above captioned debtor and debtor-in-

possession (collectively, the "Debtor") and after due deliberation and hearing, this Court FINDS

that:  (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§157 and

1334; (ii) venue of this matter is proper under 28 U.S.C. §§1408 and 1409; (iii) this matter is a

core proceeding under 28 U.S.C. §157(b)(2); (iv) the relief requested in the Motion is in the best

interests of the Debtor, its estate, creditors, and other parties in interest; (v) adequate and proper

notice of the Motion and the hearing thereon was given and no other or further notice is

necessary; and (vi) good and sufficient cause exists for the granting of the relief requested in the

Motion as set forth herein.  Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      Unless otherwise defined or stated herein, all capitalized terms used herein shall

have the meanings ascribed to them in the Motion.

3.      The Debtor shall be, and hereby is, authorized, but not required, to pay all

Prepetition Employee Obligations that are presently due and owing and as they become due and

owing.

4.      All applicable banks and other financial institutions shall be, and hereby are,

authorized and directed to receive, process, honor and pay all checks drawn on the Debtor's

accounts, and all fund transfer requests, in order to pay any transfers, costs or expenses related to

Prepetition Employee Obligations, whether those checks were presented prior to or after the

Petition Date; provided, however, that sufficient funds are available in the applicable accounts to

make such payments.

5.      Nothing in the Motion shall be deemed a request by the Debtor for authority to

assume, and nothing in this Order shall be deemed an authorization to assume, any executory

contract pursuant to section 365 of the Bankruptcy Code.

2

6.      Nothing in the Motion or this Order shall be construed to impair or otherwise affect the Debtor's right to contest the validity or amount of any Prepetition Employee Obligations, including without limitation, taxes that may be due to any taxing authority.

7.      The memorandum of law requirement of Local Bankruptcy Rule 9013-1(a) is hereby waived with respect to the Motion only.

8.      This Order shall be immediately effective and enforceable upon entry.

IT IS SO ORDERED.


# # #

Prepared and submitted by:

/s/ Rocco I. Debitetto_____
Lee D. Powar (0033679)
Rocco I. Debitetto (0073878)
Emily W. Ladky (0085527)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 621-0150
Facsimile:    (216) 241-2824
E-Mail:        ldpowar@hahnlaw.com
                ridebitetto@hahnlaw.com
                eladky@hahnlaw.com

*Proposed Counsel for Debtor and
Debtor-in-Possession*

Copies to:

Default List Plus the following additional parties:

## TOP 20 GENERAL UNSECURED CREDITORS

Paramount Farms
13646 Hwy 33
Lost Hills, CA 93249

John B. Sanfilippo & Son
Mail code: 1-NW-AP
1703 N. Randall Road
Elgin, IL 60123

Silver Creek Frac Sand, LLC
3211 W. 4th Street
Fort Worth, TX 76107

California Nut Company
5166 S. Sperry Road
Denair, CA 95316

Wisconsin Industrial Sand
a Division of Fairmount Minerals
N5628 580th Street
Menomonie, WI 54751

Paragon Building Materials
2895 Hamner Avenue
Norco, CA 92860

Victory Search Group
5464 N. Port Washington Rd.
Suite 292
Milwaukee, WI 53217

Trecom Industrial USA Automation
Hogeweg 182
3815 LZ Amersfoort
The Netherlands

Star Combustion Systems LLC
PO Box 636
Mason, OH 45040

Tristate Valves & Controls, Inc.
100 Northeast Drive
Loveland, OH 45140

Humana
PO Box 533
Carol Stream, IL 60132

Siftex
52D Connecticut Avenue
South Windsor, CT 06074

Innovative Fiber Optic Solutions, LLC
2 North Main Street
Middletown, OH 45042

Duke Energy
PO Box 9001076
Louisville, KY 40290

Exor Electronic R&D, Inc.
10150 International Blvd.
Cincinnati, OH 45246

FCX Performance
3000 East 47th Street
Columbus, OH 43219

R&L Carriers, Inc.
PO Box 713153
Columbus, OH 43271

Fastenal Company
PO Box 978
Winona, MN 55987

CLEVELAN - 3114451.1

Cincinnati USA Regional Chamber          Employment Screening Agency
PO Box 630511                            8010 Blue Ash Road
Cincinnati, OH 45263                     Cincinnati, OH 45236


## PRE-PETITION SECURED LENDER

Ventilex B.V.
Europaweg 8
8181 BH Heerde
The Netherlands